IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN VASHAUN MCKINLEY,** **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **No. 16-1605** |
| **WARDEN D. EDWARD MCFADDEN, ET AL.,** **Defendants.** | : | |

FILED
AUG -9 2016
LUCY V. CHIN, Interim Clerk
By ________ Dep. Clerk

**MEMORANDUM ORDER**

This 9th day of August, 2016, upon consideration of Defendant Warden D. Edward McFadden's Motion to Dismiss the Amended Complaint and Plaintiff's Motion in Response, and Defendant Karen Murphy's Motion to Dismiss and Plaintiff's Opposition Brief, it is hereby **ORDERED** that Defendants' Motions are both **GRANTED** for the reasons that follow.[1]

While incarcerated at Chester County Prison on February 2, 2016, Plaintiff Kevin Vashaun McKinley alleges that he was injured at dinner. Specifically, McKinley avers that while consuming his meal, which was tailored to his diabetic needs, he bit down on something hard, and his mouth started bleeding. McKinley pleads that he then spit out his food and pulled a piece of glass out of his mouth. Plaintiff claims that he immediately reported the incident to an officer on duty, Officer McCoy. While explaining the incident, McKinley alleges that he pulled another piece of glass out from the back of his mouth. Officer McCoy allegedly then called his supervisor, took possession of the glass, and sent Plaintiff to the prison medical facility for an examination.

[1] Plaintiff will not be granted leave to cure the deficiencies in his Amended Complaint because granting leave for such an amendment here would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile").

Plaintiff next alleges that Nurse Karen Murphy examined his mouth and agreed the cuts were fresh. Nurse Murphy made a report and prescribed Tylenol. Plaintiff claims that he informed Nurse Murphy that he believed he swallowed some of the glass, and she responded that he would be fine.

Plaintiff was sent back to his cell where he allegedly spoke to Sergeant Thomas and Officer McCoy about the incident. Plaintiff claims that Thomas and McCoy suggested that Nurse Murphy should have sent him to the hospital for further testing. The next morning, Plaintiff was examined by P.A. Megan Walsh, who also declined to undertake any further treatment. Plaintiff states that he has suffered physical injuries from this experience and is in constant fear that more glass may be embedded in his diabetic meals.

In analyzing a Motion to Dismiss, all facts must be considered in the light most favorable to the nonmoving party, and there must be "a plausible entitlement" for relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 546 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). I must liberally construe the pleadings in this case, as "*pro se* litigants are held to a lesser pleading standard than other parties," even in the formal litigation context. *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Filing *pro se*, Plaintiff claims that he suffered a constitutional violation under the Eighth Amendment for deliberate indifference to his medical needs. Although I empathize with Plaintiff regarding the unfortunate incident that gave rise to this litigation, I do not hesitate in dismissing this matter for failure to state a cognizable legal claim.

"In order to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need. *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) ("[P]rison authorities are accorded

considerable latitude in the diagnosis and treatment of prisoners."). Indeed, "mere disagreement as to the proper medical treatment" is not enough to support a constitutional violation. *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). To establish an Eighth Amendment violation, exceptional circumstances must be present that far exceed any allegations of tortious conduct. *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970). Medical treatment must be "so grossly incompetent, inadequate or excessive 'as to shock the general conscience or to be intolerable to fundamental fairness.' " *Id.* (internal citation omitted). *See also Estelle*, 429 U.S. at 104 ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain…' ").

Here, Plaintiff's allegations simply do not rise to the level of a constitutional violation. Nurse Murphy treated Plaintiff's injuries and prescribed Tylenol for his discomfort. Viewing the Complaint in the light most favorable to Plaintiff, the only plausible interpretation is that Plaintiff and other prison officials expressed disagreement with Nurse Murphy's treatment plan. Such disagreement does not even support a viable claim of medical malpractice—which itself does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").[2]

It is unclear if Plaintiff separately contends that the existence of glass in his food in and of itself constitutes cruel and unusual punishment in violation of the Eighth Amendment. If Plaintiff were a patron at a restaurant, he would certainly have a common law negligence claim. His emotional upset is understandable. But absent credible allegations suggesting that the glass was intentionally placed in Plaintiff's food by prison employees in order to cause him harm, or

[2] I also note that there are no facts alleged regarding Defendant McFadden's involvement in this matter or even any knowledge on his part concerning Plaintiff's injury.

some other indicia of deliberate indifference to physical safety, the mere existence of a foreign body in a prisoner's meal on a single occasion does not give rise to a constitutional violation.

Viewing the pleadings liberally in light of Plaintiff's status as a *pro se* litigant, perhaps Plaintiff also intended to sue Chester County Prison. However, because Plaintiff does not plead a cognizable constitutional violation, the facts alleged plainly fail to state a claim for *Monell* liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Moreover, *Monell* liability cannot be based on a theory of *respondeat superior*. *Monell*, 436 U.S. at 691–95.[3]

Based on the foregoing, Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.** This case should be marked **CLOSED** for statistical purposes.

Gerald Austin McHugh
United States District Judge

[3] Defendant Murphy also emphasizes that Plaintiff admits in the pleadings that he failed to exhaust his administrative remedies. In light of the above analysis, I do not need to reach this argument, but Plaintiff should be advised that Defendant Murphy is correct that failure to exhaust administrative remedies presents an alternative defense in support of dismissal.